UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Connie Pennington, on behalf of herself and a class of similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Communications Workers of America, Local 4502, and the City of Columbus,<br><br>Defendants. | Case No.: 19-937<br><br>**CLASS ACTION COMPLAINT** |

# INTRODUCTION

1. On June 27, 2018, the Supreme Court held it unconstitutional for the government to deduct union dues or fees from an individual's wages unless the government can prove the individual waived his or her First Amendment right not to subsidize the union's speech. *Janus v. AFSCME, Council* 31, 138 S. Ct. 2448, 2486 (2018). The City of Columbus and Communications Workers of America, Local 4502 ("CWA") are violating the First Amendment by prohibiting employees from stopping the deduction and collection of union dues from their wages during the term of a collective bargaining agreement, except for its last thirty (30) days, without proof these employees' waived their First Amendment rights. Plaintiff Connie Pennington, on behalf of herself and a class of similarly situated employees, seeks a declaratory judgment, injunctive relief, and nominal damages and compensatory damages for Defendants' violation of her and other employees' First Amendment rights.

## PARTIES

2. Plaintiff Connie Pennington resides in Franklin County, Ohio.

3. The City of Columbus ("City") is a municipal corporation that can sue and be sued in its own name. *See* Ohio Revised Code § 715.01. The office of the Mayor of the City of Columbus is located at City Hall, 90 West Broad Street, 2nd Floor, Columbus, Ohio, 43215.

4. Defendant CWA is a labor organization whose headquarters is located at 620 E. Broad Street, Suite 100, Columbus, Ohio 42315.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, because it arises under the United States Constitution, and pursuant to 28 U.S.C. § 1343, because Plaintiffs seek relief under 42 U.S.C. § 1983. This Court has the authority under 28 U.S.C. §§ 2201 and 2202 to grant declaratory relief and other relief based thereon.

6. Venue is proper under 28 U.S.C. § 1391 because the Defendants' offices and Plaintiff's residence are located in this judicial district and a substantial part of the events giving rise to the claims occurred within this judicial district. Assignment to the Eastern Division of this Court is appropriate because Defendants' offices and Plaintiff's residence are located within its ambit.

## FACTUAL ALLEGATIONS

7. CWA is the exclusive representative of a unit of employees employed by the City of Columbus.

8. CWA and the City are parties to a collective bargaining agreement effective

from April 24, 2017 through April 23, 2020 ("CBA"), which is attached as Exhibit A and incorporated herein.

9. Pennington is employed by the City of Columbus in a position exclusively represented by CWA and is subject to the CBA's terms.

10. Ohio's Public Employees' Collective Bargaining Act ("Act"), Ohio Revised Code § 4117, mandates that collective bargaining agreements between exclusive representatives and public employers "shall contain a provision that . . . [a]uthorizes the public employer to deduct the periodic dues, initiation fees, and assessments of members of the exclusive representative upon presentation of a written deduction authorization by the employee." *Id.* at § 4117.09(B)(2).

11. The City and CWA jointly maintain and enforce a dues deduction policy under which employees who signed a payroll deduction authorizations are required to pay union dues for the term of the CBA and can only stop the deduction of those dues by providing notice during a thirty (30) day period prior to the expiration of the CBA.

12. Specifically, Section 3.1 of the CBA states, in part, that "[t]he City will deduct from each employee's pay in the second pay period of each month the regular monthly Union dues for each employee in the bargaining unit who has filed with the City a payroll deduction authorization in the form attached hereto as Appendix F."

13. Section 3.2 of the CBA, which is entitled "Maintenance of Membership," states that:

> Each employee who, on the effective date of this Agreement, is a member of CWA, and employees who become a member after the date, shall maintain membership in the Union provided that such employee may resign from the

3

Union during the thirty (30) day period prior to the expiration of this Agreement or after the stated expiration of this Agreement (without regard to extensions) and prior to the commencement of a new Agreement by giving written notification to the Director of the Department of Human Resources or designee and the Union twenty (20) days prior to the effective date of the revocation. Upon resignation from the Union a bargaining unit member shall immediately pay the fair share fee as provided in Section 3.3. The payment of dues and assessment is uniformly required of the membership for the duration of this Agreement.

14. The payroll deduction authorization referenced in CBA Section 3.1 and incorporated at CBA Appendix F provides that:

> This authorization shall continue in effect until cancelled by written notice signed by me and individually sent by certified mail to the City of Columbus, through the Director of Human Resources or designee, the payroll clerk of my Department and the Union Treasurer, 30 days prior to the expiration date of the Agreement.
>
> I agree to the terms of this Agreement, and that on the effective date of this Agreement, I am a member of the CWA Union, and employees who become a member after the date shall maintain membership in the Union, provided that such employee may resign from the Union during a period of thirty (30) days prior to the Agreement expiration date. The payment of dues and assessment is uniformly required of the membership for the duration of this Agreement.

15. The payroll deduction authorization incorporated into City and CWA's prior collective bargaining agreement, effective from April 24, 2014 through April 23, 2017, is identical to that incorporated into the current CBA.

16. Hereinafter, the phrase "revocation policy" shall be used to refer to the City and CWA's joint policy that prohibits employees from stopping the City's deduction and CWA's collection of union dues during the term of collective bargaining agreements, except when an employee provides notice of revocation thirty (30) days prior to the expiration of the agreement.

17. Defendants' revocation policy prohibits employees from exercising their First

Amendment right not to subsidize CWA's speech until March 24, 2020—because the current CBA expires on April 23, 2020—and then also for the term of the next collective bargaining agreement unless the employee sends a revocation notice during the designated thirty (30) day period.

18. In or around December 2014, Pennington signed a payroll authorization card identical to that found in Appendix F of the CBA. At this time and until the summer of 2018, Pennington and other employees were required to pay compulsory union agency fees as a condition of their employment.

19. On June 27, 2018, the Supreme Court in *Janus* held union agency fee requirements unconstitutional and that public employees had a First Amendment right not to have union dues or fees deducted from their wages without their consent. 138 S. Ct. at 2486.

20. Shortly thereafter, in early July 2018, Pennington asked CWA about canceling her union membership.

21. In a letter dated August 10, 2018, CWA informed Pennington that "[i]f you resign now, the obligation to pay dues would remain in effect, subject to your right to revoke dues deduction authorization in accordance with the above referenced (30) day window period." A true and correct copy of this letter is included in Exhibit B and incorporated herein.

22. In a letter dated August 30, 2018, Pennington informed the CWA and City that she wants "to be removed out of the CWA Union" and wants to "discontinue the deduction of union dues from my paycheck." A true and correct copy of this letter is

included in Exhibit B and incorporated herein.

23. In a letter dated September 18, 2018, CWA informed Pennington that "in its sole discretion" it was accepting her resignation of membership, but that she "remains obligated to pay dues to CWA Local 4502 via payroll deduction, consistent with the terms of the agreement set forth in the Payroll Authorization you signed." A true and correct copy of this letter is included in Exhibit B and incorporated herein.

24. In a letter dated February 1, 2019, Pennington, by and through her attorney, notified the City and CWA that they "are violating the First Amendment by maintaining a policy that prohibits employees' from exercising their *Janus* rights during the term of a collective bargaining agreement, except its last thirty (30) days, and by enforcing that policy against Mrs. Pennington." The letter requested that the City and CWA cease enforcing that policy and return to Pennington the monies they wrongfully deducted and collected from her wages. A true and correct copy of this letter is included in Exhibit B and incorporated herein.

25. In a response letter dated February 8, 2019, CWA notified Pennington's attorney that "Ms. Pennington's dues payment obligation to CWA Local 4502 remains in effect until revoked in accordance with the voluntary agreement she made . . . . in the Payroll Authorization Card (i.e., 30 days prior to the expiration of the CBA)." A true and correct copy of this letter is included in Exhibit B and incorporated herein.

26. On information and belief, the City and CWA will continue to enforce their joint revocation policy against employees by means of the City deducting and CWA collecting union dues from employees who notify the City and CWA that they do not

consent to paying union dues outside of the designated thirty (30) day period.

## CLASS ACTION ALLEGATIONS

27. Pennington brings this case on her own behalf and on behalf of others similarly situated, and seeks the certification, under Federal Rule of Civil Procedure 23(b)(1)(A), (b)(1)(B), and (b)(2), of a "Class" of all public employees who are subject or become subject to the Defendants' joint revocation policy. Alternatively, Pennington requests certification of the classes or subclasses the Court deems appropriate.

28. CWA represents approximately 1400 City employees. On information and belief, many if not most of those employees are subject to the City and CWA's revocation policy. The number of Class members makes joinder of the individual Class members impractical.

29. There are questions of fact and law common to all Class members. Factually, all are subject to the same or similar revocation policy. The dispositive question of law is the same for Pennington and Class members: is the City and CWA's maintenance and enforcement of their revocation policy constitutional under the First Amendment?

30. Pennington's claims are typical of Class members' claims because all concern whether the City and CWA's revocation policy violates the First Amendment.

31. Pennington will adequately represent the interests of the proposed class, and has no interests antagonistic to the class.

32. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by Class members could risk inconsistent adjudications that would establish

incompatible standards of conduct for the City and CWA.

33. A class action can be maintained under Rule 23(b)(1)(B) because an adjudication determining the constitutionality of the City and CWA's maintenance and enforcement of their joint revocation policy will as a practical matter, be dispositive of the interests of all Class members or substantially impair or impede their ability to exercise their First Amendment rights.

34. A class action can be maintained under Rule 23(b)(2) because the City and CWA, by maintaining and enforcing its revocation policy, has acted or refused to act on grounds that apply generally to members of the Class, so that final injunctive or declaratory relief is appropriate for the Class as a whole.

## CAUSE OF ACTION

35. Pennington realleges and incorporates by reference the paragraphs set forth above.

36. The City and CWA act under color of state law by maintaining and enforcing their joint revocation policy and by deducting union dues, effectuating the deduction of union dues, or collecting union deducted from employees' wages.

37. The Supreme Court in *Janus*, held that, under the First Amendment, no "payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such payment, unless the employee affirmatively consents to pay." 138 S. Ct. at 2486. The Court further held that, to be effective, an individual's consent to pay union dues must meet the criteria for a waiver of First Amendment rights. *Id.*

38. A valid waiver of First Amendment rights requires clear and compelling evidence that the putative waiver was voluntary, knowing, and intelligent and that enforcement of the waiver is not against public policy. Defendants bear the burden of proving that these criteria are satisfied.

39. The City and CWA cannot prove that Pennington and Class members waived their First Amendment not to subsidize CWA's speech because, among other reasons, Defendants' payroll deduction authorization: (i) does not inform employees that they have a First Amendment right not to financially support an exclusive representative and its speech; (ii) does not state that the employee agrees to waive that right; (iii) is a contract of adhesion, if it is a contract at all; and (iv) if signed prior July 2018, the authorization was signed prior to the Supreme Court's recognition that public employees have a First Amendment right not to subsidize a union's speech and at a time during which employees were required to pay agency fees to CWA as a condition of their employment.

40. The City and CWA also cannot satisfy their burden of proving a First Amendment waiver because enforcement of their joint revocation policy is against public policy because it impinges upon employees' First Amendment rights by compelling employees, who do not or no longer want to subsidize CWA's speech, to subsidize that speech for the remainder of the collective bargaining agreement's term.

41. The City and CWA's maintenance and enforcement of their joint revocation policy violates Pennington's and Class Members' First Amendment rights to free

speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

42. Pennington and Class Members are suffering the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law.

**PRAYER FOR RELIEF**

Wherefore, Pennington requests that this Court:

A. Issue a declaratory judgment that the City and CWA's maintenance and enforcement of their joint revocation policy is unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and unenforceable;

B. Permanently enjoin the City and CWA, along with its affiliates, agents, and any other person or entity in active concert or participation with them, from maintaining and enforcing their joint revocation policy;

C. Award equitable relief that requires the City and CWA to provide Pennington and Class Members with: written notice that their revocation policy is unconstitutional and unenforceable; written notice that employees have the right to stop the deduction and collection of union dues from them at any time by notifying the union of their lack of consent, and; an opportunity to retroactively exercise that right;

D. Award compensatory damages to Pennington and to any Class Member who notified the City or CWA that they did not consent to paying union dues and were nevertheless required to pay union dues as a result of Defendants' revocation policy;

E. Award Plaintiffs their costs and reasonable attorneys' fees pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988; and

F. Grant other and additional relief as the Court may deem just and proper.

Date: March 13, 2019

By /s/ Donald C. Brey
Donald C. Brey (0021965)
Taft Stettinius & Hollister LLP
65 E. State Street, Suite 100
Columbus, Ohio 43215
Tel (614) 334-6105
dbrey@taftlaw.com

and

William L. Messenger
Aaron B. Solem
  (Pro Hac Vice Motions to be filed)
National Right to Work Legal Defense
  Foundation
8001 Braddock Road, Suite 600
Springfield, VA 22160
Tel (703) 321-8510
wlm@nrtw.org
abs@nrtw.org

*Attorneys for Plaintiffs*